UNITED STATES BANKRUPTCY COURT
Eastern District of North Carolina, Greenville Division

**Fill in this information to identify the case:**

Debtor 1: **Jones, Perry Marshall**

Debtor 2: **Jones, Angela Bernetta**
(Spouse, if filing)

Case Number: **5:22-bk-966**
(If known)

[ ] Check if this is an amended plan and list below the sections of the plan that have been changed.

# CHAPTER 13 PLAN

## Part 1: Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed. You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). The Court may confirm this plan without further notice if no objection to confirmation is filed. In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. Debtor(s) must check one box on each line of §§ 1.1, 1.2, and 1.3 below, to state whether or not the plan includes provisions related to each item listed. If an item is checked **"Not Included,"** or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment at all. | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchasemoney security interest, set out in Section 3.5. | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [ ] Included | [X] Not included |

Debtor **Jones, Perry Marshall & Jones, Angela Bernetta**     Case Number **5:22-bk-966**

---

Part 2:     Plan Payments and Length of Plan

2.1    The Debtor(s) shall make regular payments to the Trustee as follows:

$ **varies**[1] per month for **60** months
[1] **3 payments of $1,031.00 followed by 57 payments of $1,868.00**

2.2    Additional payments. (*Check one.*)

[X]  None. (If "None" is checked, the rest of this section need not be completed or reproduced).

2.3    The total amount of estimated payments to the Trustee is $ **109,569.00**.

2.4    Adjustments to the Payment Schedule/Base Plan *(Check one).*

[ ]  None.
[X]  Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base. The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

2.5    Applicable Commitment Period, Projected Disposable Income, and **"Liquidation Test."**

The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referred to in 11 U.S.C. § 1325(b)(1)(B), is $ **0.00** per month.  The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimated to be paid to holders of non-priority unsecured claims.  In this case, this amount is $ **0.00**.

---

Part 3:     Treatment of Secured Claims

3.1    Lien Retention.
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a)    payment of the underlying debt determined under nonbankruptcy law, or
   (b)    discharge of the Debtor(s) under 11 U.S.C. § 1328.

3.2    Maintenance of Payments and Cure of Default (if any) *(Check one.)*
[ ]  None.  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

[X]    The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage.  In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage.  If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if applicable) |
|---|---|---|---|---|

Debtor **Jones, Perry Marshall & Jones, Angela Bernetta**         Case Number **5:22-bk-966**

| | | | | |
|---|---|---|---|---|
| **Bridgecrest Acceptance Corp** | 2017 Dodge Journey | 520.00<br><br>To be disbursed by:<br>[ ] Trustee<br>[ x ] Debtor(s) | 0.00 | 0.00% |
| **Global Lending Services** | 2016 Grand Caravan | 522.00<br><br>To be disbursed by:<br>[ ] Trustee<br>[ x ] Debtor(s) | 0.00 | 0.00% |
| **Maecola D. Rodgers** | **403 W Main St, Creswell, NC 27928-9036** | 0.00<br><br>To be disbursed by:<br>[ ] Trustee<br>[ x ] Debtor(s) | 0.00 | 0.00% |
| **Select Portfolio Servicing, Inc** | **405 W Main St, Creswell, NC 27928-9036** | 879.00<br><br>To be disbursed by:<br>[ ] Trustee<br>[ x ] Debtor(s) | 34,812.94 | 0.00% |

   **[X]**   Other. (Check all that apply, and explain.) The Debtor(s):

   (a)   **[ ]**   do intend to seek a mortgage modification with respect to the following loan(s) listed above: _____

   (b)   **[X]**   do not intend to seek mortgage loan modification of any of the mortgage loans listed above;

   (c)   **[ ]**   intend to: _____

3.3   Request for Valuation of Security and Modification of Undersecured Claims. (Check one.)
      **[X]** None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4   Claims Excluded from 11 U.S.C. § 506(a). (Check one.)
      **[X]** None. If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5   Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests. (Check one.)
      **[X]** None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

3.6   Surrender of Collateral. (Check one.)
      **[X]** None. If "None" is checked, the rest of § 3.6 need not be completed or reproduced.

## Part 4:   Treatment of Fees and Priority Claims

4.1   General Treatment: Unless otherwise indicated in this Part or in Part 8, Nonstandard Plan Provisions, the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

4.2   Trustee's Fees: Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be **10.00**% of amounts disbursed by the Trustee under the plan and are estimated to total $ **10,956.90**.

4.3   Debtor's Attorney's Fees. (Check one, below, as appropriate.)
         [X] Debtor(s)' attorney has agreed to accept as a base fee $ **5,000.00** , of which $ **1,500.00** was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ **3,500.00** be paid through the plan.

Debtor **Jones, Perry Marshall & Jones, Angela Bernetta**        Case Number **5:22-bk-966**

[ ] The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $ _, of which $ _ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $ _ be paid through the plan.

4.4  Domestic Support Obligations. (Check all that apply.)
**[X]** None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

[ ] All DSOs coming due post-petition will be paid directly by the Debtor(s) to the holder of the claim, and wage garnishment may be utilized. The name and address of the holder of any DSO as defined in 11 U.S.C. § 101(14A) is as follows:

| Name of DSO Claimant | Address, City, State |
|---|---|
|  |  |

[ ] The following pre-petition arrearages owed to DSO claimants will be paid in full either by the Trustee under the confirmed Plan OR directly by the Debtor(s) and wage garnishment may be utilized:

| Creditor Name | Amount of Claim | If Joint Case, Owed by Debtor 1 or Debtor 2 | To be Paid by Trustee or Debtor(s) |
|---|---|---|---|
| **None** |  |  |  |

**[X]** The following pre-petition arrearages owed for DSO's have been assigned or are owed to a governmental unit. The Debtor(s) have proposed a 60 month plan, and propose to pay less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4).

| Creditor Name | Amount of Claim to be paid through the Plan | If Joint Case, Owed by Debtor 1 or Debtor 2? |
|---|---|---|
| **None** |  |  |

[ ] DSO claims will be treated as set forth in Part 8, Nonstandard Plan Provisions.

4.5  4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4
[ ] None. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**[X]** Section 507(a) priority claims, other than attorney's fees and domestic support obligations are estimated to be as follows:

| Creditor Name | Claim for: | Estimated. Claim Amount |
|---|---|---|
| **Internal Revenue Service** | **Taxes** | 9,164.81 |
| **North Carolina Dept. Of Revenue** | **Taxes** | 509.39 |

## Part 5:  Unsecured Non-priority Claims

5.1  General Treatment. After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, <u>no specific distribution</u> to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

Debtor **Jones, Perry Marshall & Jones, Angela Bernetta**        Case Number **5:22-bk-966**

5.2    Co-Debtor and Other Specially Classified Unsecured Claims. *(Check one.)*

   **[X]** None. If "None" is checked, the rest of Part 5 need not be completed or reproduced.

### Part 6:    Executory Contracts and Unexpired Leases

6.1    The executory contracts and unexpired leases listed below are to be treated as specified.  All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court. (Check one.)

   **[X]** None. If "None" is checked, the rest of Part 6 need not be completed or reproduced.

### Part 7:    Miscellaneous Provisions

7.1    Vesting of Property of the Bankruptcy Estate: (Check one.)
Property of the estate will vest in the Debtor(s) upon:
**[X]** plan confirmation.
**[ ]** discharge.
**[ ]** other: _____ .

7.2    Possession and Use of Property of the Bankruptcy Estate: Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. § 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7.3    Rights of the Debtor(s) and Trustee to Object to Claims: Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

7.3    Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers: Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

### Part 8:    Nonstandard Plan Provisions

8.1 Check **"None"** or List Nonstandard Plan Provisions
   **[X]** None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

The remainder of this Part 8 will be effective <u>only</u> if there is a check in the box **"Included"** in Part 1, § 1.3, of this plan, above.

Under Bankruptcy Rule 3015(c), nonstandard plan provisions <u>must</u> be set forth below. A nonstandard provision is a provision not otherwise included in this E.D.N.C. Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective. The following are the nonstandard provisions of this plan:

<u>No additional plan provisions may follow this line or precede Part 10: Signature(s), which follows;</u>

### Part 9:    Signatures

9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

Debtor **Jones, Perry Marshall & Jones, Angela Bernetta**   Case Number **5:22-bk-966**

/s/ Perry Jones
Signature of Debtor 1

/s/ Angela Jones
Signature of Debtor 2

Executed on

Executed on

By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

Date:

/s/ Paul Faison S Winborne
Signature of Attorney for Debtor(s)

If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in
E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.

**United States Bankruptcy Court**
**Eastern District of North Carolina, Greenville Division**

**IN RE:**  Case No. **5:22-bk-966**

**Jones, Perry Marshall & Jones, Angela Bernetta**  Chapter **13**

Debtor(s)

## CERTIFICATE OF SERVICE

I hereby certify that on **September 16, 2022**, a copy of **Chapter 13 Plan as amended** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Respectfully submitted,
**Jones, Perry Marshall**

*/s/ Paul Faison S Winborne*
**Paul Faison S Winborne 15580**
**Dixon & Thompson Law PLLC**
**117 W Eden St**
**Edenton, NC  27932-1843**
**(252) 482-8696  Fax: (252) 482-2910**
**pfswinborne@dixonandthompsonlaw.com**

Software Copyright (c) 2022 CINGroup - www.cincompass.com

BB&T credit card
attn: managing agent/Service ctr
PO Box 698
Wilson, NC  27894-0698

Beneficial HSBC
Attn: Managing Agent
PO Box 3425
Buffalo, NY  14240-3425

Bridgecrest Acceptance Corp
7300 E Hampton Ave Ste 101
Mesa, AZ  85209-3324

Capital One
PO Box 71087
Charlotte, NC  28272-1087

Exxon Mobile
PO Box 6404 Attn: Managing Agent
Sioux Falls, SD  57117-0000

Global Lending Services
PO Box 10437
Greenville, SC  29603-0437

HFC
Att: Managing Agent
14 Carolina East Ctr
Greenville, NC  27834-7045

HSBC Mortgage Services
1301 Tower Rd Attn: Managing Agent
Schaumberg, IL  60173

Hutchens & Senter
4317 Ramsey St Attn: Managing Agent
Fayetteville, NC  28311

Internal Revenue Service
PO Box 21126 Attn Bankruptcy
Philadelphia, PA  19114

Lowes Credit
PO Box 530914 Attn: Managing Agent
Atlanta, GA  30353-0914

Maecola D. Rodgers
1704 Davenport Rd
Creswell, NC  27928

North Carolina Dept. Of Revenue
PO Box 1168 Office Services Division
Raleigh, NC  27602-1168

Select Portfolio Servicing, Inc
PO Box 65250 Attn: Managing Agent
Salt Lake City, UT  84165-0250

Tractor Supply Comp
PO Box 9001006
Louisville, KY  40290-1006

Software Copyright (c) 2022 CINGroup - www.cincompass.com